UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIG INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:17-CV-938 JD |
| | ) |
| CITY OF ELKHART, et al. | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This is a declaratory judgment action over insurance coverage for an underlying suit against the City of Elkhart. On November 6, 2017, Keith Cooper sued Elkhart, asserting a variety of claims arising out of a 1998 conviction for which he has since received a pardon. Elkhart in turn sought insurance coverage from a number of insurance companies with which it has held policies over the years, including TIG Insurance Company. When none of the insurers agreed to provide unqualified coverage, Elkhart filed suit in state court on November 13, 2017, against TIG Insurance and other companies, seeking a declaration as to the parties' rights and obligations under various insurance policies in connection with Mr. Cooper's suit.

On December 15, 2017, TIG Insurance filed this action in federal court against Elkhart and two other interested parties. TIG Insurance seeks a declaratory judgment that it owes no defense or indemnification obligations to Elkhart under its policies with respect to Mr. Cooper's suit. Because that exact same issue is already before the state court, Elkhart moved to dismiss this action.[1] It argues that this Court should abstain from exercising jurisdiction over this declaratory judgment action since another parallel action is already pending in state court.

---

[1] Elkhart asks that the case be dismissed, or in the alternative, that the case be stayed pending the resolution of the state court case. TIG Insurance does not object to dismissing as opposed to

"'Under what is known as the *Wilton/Brillhart* abstention doctrine, district courts possess significant discretion to dismiss or stay claims seeking declaratory relief, even though they have subject matter jurisdiction over such claims.'" *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 953, 986 (7th Cir. 2010) (quoting *R.R. Street & Co. v. Vulcan Materials Co.*, 569 F.3d 711, 713 (7th Cir. 2009)). "This discretion arises from the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202 itself, which provides that district courts '*may* declare the rights and other legal relations of any interested party seeking such declaration.'" *Id.* (quoting 28 U.S.C. § 2201(a)). Thus, in the exercise of their discretion, district courts may "stay or dismiss an action seeking a declaratory judgment in favor of an ongoing state court case." *Id.*; *see also Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). There is no set criteria for when a court should exercise its discretion to abstain. However, the Seventh Circuit has recognized that "the classic example of when abstention is proper occurs where . . . solely declaratory relief is sought and parallel state proceedings are ongoing." *Envision*, 604 F.3d at 986.

The Court finds that this case fits comfortably within that "classic example" and that abstention is appropriate. There is no dispute that this case and the ongoing case in state court are "parallel." Two actions are parallel "when substantially the same parties are contemporaneously litigating substantially the same issues in two fora." *Id.* Each of the parties to this action are also parties in the state action, and the issues are identical in the two cases, as both involve whether TIG Insurance is obligated to provide coverage to Elkhart for Mr. Cooper's claims. The state case involves a number of additional insurers as well, which further favors abstention, as

---

staying this action should the Court find abstention to be appropriate, and the parties do not suggest that the difference would have any practical effect here.

resolving this case, which involves a subset of the state case, could create the potential for inconsistent judgments. *See Sta-Rite Indus. Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 287 (7th Cir. 1996) (holding that abstention would have been proper in part because "a more comprehensive parallel state case" was pending).

In arguing that the Court should nonetheless exercise jurisdiction, TIG Insurance notes that a previous case in this district has already adjudicated TIG Insurance's obligations under its policies relative to claims brought against Elkhart by Mr. Cooper's co-defendant in his underlying criminal case. *TIG Ins. Co. v. City of Elkhart*, 122 F. Supp. 3d 795 (N.D. Ind. 2015). TIG Insurance argues that because that previous case involved the same insurance policies and similar underlying claims, this Court should proceed to adjudicate the present case. The Court disagrees. Though that previous case may be *related* to this one, the ongoing state case is *identical* to this one, and will resolve the parties' rights and obligations relative to the claims asserted by Mr. Cooper. And TIG Insurance cites no case in which a federal court declined to abstain under these circumstances merely because a related case had previously been decided by a federal court. The Court thus abstains from exercising jurisdiction over this declaratory judgment action.

Therefore, the Court GRANTS Elkhart's motion to dismiss. [DE 25]. This case is dismissed without prejudice, and the Clerk is DIRECTED to enter judgment accordingly.

SO ORDERED.

ENTERED:  April 25, 2018

                                        /s/ JON E. DEGUILIO
                                        Judge
                                        United States District Court